United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Alex Anderson, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23701-Civ-Scola |
| | ) |
| Unknown Deft '1', and others, | ) |
| Defendants. | ) |

### Order Dismissing Case

This matter is before the Court on an independent review of the record. Plaintiff Alex Anderson, proceeding *pro se,* initiated this action on September 4, 2020, pursuant to 42 U.S.C. § 1983, alleging that various unnamed employees of TD Bank violated his rights under the Fourteenth Amendment to the U.S. Constitution. (ECF No. 1 at 24.)

This case is essentially a dispute over the Plaintiff's dissatisfaction with TD Bank's customer service coupled with a billing discrepancy on the Plaintiff's account statements concerning less than $500. (*Id.* at 10, 16.) The Plaintiff claims that his constitutional rights were violated when he arrived at a TD Bank location in July 2020 and certain unnamed employees of TD Bank refused to issue him a replacement debit card without an appointment. In other words, he appears to claim that a private bank's no-walk-ins policy is unconstitutional. The Plaintiff also claims that either $411 or $415.22 has gone unaccounted for from his bank statements. Specifically, he alleges that TD Bank and accomplices "swindle[d]" this sum from him. (*Id.* at 16.) He further complains about the lack of progress in "a purported investigation" commenced by TD Bank into these matters. (*Id.* at 17.) Finally, as compensation for the purported wrongdoing, the Plaintiff demands $75,000 in compensation plus $10,000 in "court cost[s] and legal fees." (*Id.* at 27.) The latter request is particularly perplexing given that the Plaintiff has appeared *pro se* and he has a pending motion for leave to proceed *in forma pauperis* (*i.e.,* without paying court costs).

The complaint provides no explanation for how any of the aforementioned conduct was unconstitutional. "Furthermore, a bank and its employees are not state actors" for purposes of § 1983. *House v. Debbie,* Case No. 3:09-CV-P938-H, 4 (W.D. Ky. Aug. 5, 2010); *see also Hill v. Lee Cnty. Sheriff's Office,* Case No. 2:11-cv-242, 13 (M.D. Fla. Sep. 24, 2012) ("Private banks (and their executives) are not "state actors.'"). In the alternative, the Plaintiff states that if the case does not set forth a constitutional violation (and it does not) "then might the case sufficiently implicate a violation of the (1964) Civil Rights Public Accommodation

Act?!" (ECF No. 1 at 24 (punctuation in original).) The answer is no. And a complaint cannot invoke federal jurisdiction rhetorically; it must affirmatively and plausible allege its existence, which this complaint does not do.

Even absent these jurisdictional shortcomings, the Court would dismiss this frivolous action. "[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties." *Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008). Here, the complaint is "clearly baseless and without arguable merit in fact." *Id.* As a result, this case is **dismissed** under both the Court's inherent authority and 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

The **Clerk** is instructed to **close** this case and **mail** a copy of this order to the Plaintiff at the address listed below. All pending motions, if any, are **denied** as moot.

**Done and ordered**, in chambers, at Miami, Florida on September 8, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Alex Anderson
1603 NW 7th Ave
Miami, FL 33136